Filed 6/26/24  P. v. Wynne CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JEROME DAVIS WYNNE, JR., <br><br> Defendant and Appellant. | F087141 <br><br> (Super. Ct. No. CRM035104A) <br><br><br> OPINION |

---

## THE COURT[*]

APPEAL from an order of the Superior Court of Merced County.  Mark V. Bacciarini, Judge.

Aurora E. Bewicke, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Christopher J. Rench and Jessica A. Eros, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Poochigian, Acting P. J., Smith, J. and Meehan, J.

## INTRODUCTION

Defendant Jerome Davis Wynne, Jr. was charged with murder along with allegations of gang involvement and personal and intentional discharge of a firearm causing death. Defendant pled no contest to voluntary manslaughter and admitted an enhancement for personal use of a firearm. Sometime later, defendant filed a petition for resentencing under Penal Code[1] section 1172.6.[2] The trial court held a hearing and denied the petition, finding defendant failed to state a prima facie case.

Defendant appeals the trial court's decision, claiming the court erred as a matter of law by denying his petition for resentencing at the prima facie stage. The People agree. We agree and remand the matter to the court to issue an order to show cause and proceed to an evidentiary hearing under section 1172.6, subdivision (d).

## PROCEDURAL SUMMARY

On February 10, 2015, the Merced County District Attorney filed an information accusing defendant and two codefendants of murder (§ 187, subd. (a)) and alleging gang enhancements (§ 186.22, subd. (b)(5)) for each participant. Additionally for defendant, the information alleged he personally and intentionally discharged a firearm which resulted in the victim's death (§ 12022.53, subd. (d)). On September 26, 2016, defendant entered into a plea agreement where he pled guilty to reduced charges of voluntary manslaughter (§ 192, subd. (a)) and personal use of a firearm (§ 12022.5, subd. (a)) in exchange for a 16-year sentence.

In the plea form, defendant "admit[ed] as true the allegations" that he "committed [the] crime of [v]oluntary manslaughter" and "stipulate[d] under *P[eople] v. West* to

---

[1] Hereinafter all nondesignated statutory references are to the Penal Code.

[2] "Effective June 30, 2022, the Legislature renumbered [former] section 1170.95 to section 1172.6 with no change in text." (*People v. Gonzalez* (2023) 87 Cal.App.5th 869, 871, fn. 1, citing Stats. 2022, ch. 58, § 10.) Consequently, we refer to the statute as section 1172.6 for consistency purposes.

police reports for factual basis," without any indication as to which specific police reports were being referenced, or any specific factual basis. No factual basis for the plea was specified at either the change of plea or at sentencing. On October 28, 2016, defendant was sentenced to 16 years in state prison.

On May 25, 2023, defendant filed a petition for resentencing under section 1172.6. Defendant's form petition checked all boxes, including those attesting: (1) an accusatory pleading was "filed against [him] that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime"; (2) he "accepted a plea offer in lieu of a trial at which [he] could have been convicted of murder"; and (3) he "could not presently be convicted of murder … because of changes made" to the law.

On June 6, 2023, the trial court found defendant had filed a "facially sufficient [p]etition for [r]esentencing," appointed counsel, set a briefing timeline, and scheduled a prima facie hearing.

On June 15, 2023, the prosecution filed its brief in opposition to defendant's petition arguing that defendant did not state a prima facie case for resentencing under section 1172.6 because the information did not allow the prosecutor to proceed under a theory of murder under natural and probable consequences or felony murder. The prosecution reasoned that since defendant was originally charged with murder with a firearm enhancement under section 12022.53, subdivision (d), "it [was] clear that [defendant] was being prosecuted for actual intent or implied intent to kill" and would have been tried as "the actual shooter." The prosecution stated that had defendant not accepted their offer of voluntary manslaughter and personal use of a firearm, the prosecution would have proceeded to trial on the original count of murder.

Second, the prosecution argued defendant was ineligible for relief because he was the actual shooter. Although admitting there was no stipulation as to cause of death, the

prosecution argued that witness testimony at the preliminary hearing and a death certificate revealed the victim was shot in the back. The prosecution argued this "record supports only one conclusion," namely, that defendant's "use of the weapon was to shoot and kill [the victim]." The prosecutor claimed that because defendant admitted to using a weapon and evidence indicated the victim was shot to death, defendant essentially "admitted that he was the actual killer simply because there was no other evidence at the preliminary hearing supporting any other scenario." On these grounds, the prosecution asked the trial court to deny defendant's petition at the prima facie stage. Defense counsel did not file a reply brief on defendant's behalf.

On November 2, 2023, a prima facie hearing was held and both parties submitted the matter on the briefs without oral arguments. The trial court stated it had read and considered the petition and response and made a "finding beyond reasonable doubt that [defendant did] not qualify for resentencing under the provisions of … [s]ection 1172.6." Consequently, the court concluded that defendant failed to state a prima facie case and denied defendant's request.

## FACTUAL SUMMARY

The sole issue on appeal pertains to defendant's postconviction petition for resentencing under section 1172.6. Therefore, the facts of the underlying case have been omitted by both parties. Defendant concedes that he was legally responsible for the victim's death under the law as it existed in 2016. Defendant also concedes that during the commission of the offense he personally used a firearm.

## DISCUSSION

### I. The Matter Must be Remanded for an Evidentiary Hearing on Defendant's Section 1172.6 Petition

#### A.     Applicable Law and Standard of Review

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) amended "the felony[-]murder rule and the natural and probable consequences

4.

doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Gentile* (2020) 10 Cal.5th 830, 842, superseded by statute on another ground as stated in *People v. Hola* (2022) 77 Cal.App.5th 362, 370; *People v. Martinez* (2019) 31 Cal.App.5th 719, 723.) The statute's text and legislative history "clearly indicate that the Legislature intended to restrict culpability for murder outside the felony-murder rule to persons who personally possess malice aforethought." (*Gentile*, at p. 847.) Effectively, the Legislature "eliminated natural and probable consequences liability for murder as it applies to aiding and abetting, and limited the scope of the felony-murder rule." (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) Effective January 1, 2022, Senate Bill No. 775 (2021–2022 Reg. Sess.) expanded the scope of Senate Bill 1437 and "[c]larifie[d] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Stats. 2021, ch. 551, § 1, subd. (a); *People v. Coley* (2022) 77 Cal.App.5th 539, 544.)

In order to seek resentencing pursuant to section 1172.6, a defendant must file a petition in the sentencing court asserting that: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder [or] murder under the natural and probable consequences doctrine …, [¶] (2) The petitioner was convicted of murder … following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted of murder …, [¶] [and] (3) The petitioner could not presently be convicted of murder … because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subds. (a)(1)–(3); see also § 1172.6, subd. (b)(1)(A).) Additionally, the petition shall state

5.

"[w]hether the petitioner requests the appointment of counsel."  (§ 1172.6, subd. (b)(1)(C).)

When a petition complies with section 1172.6, subdivision (b)'s three requirements, the court proceeds to subdivision (c) to assess whether the petitioner has made "a prima facie showing" for relief.  (§ 1172.6, subd. (d)(3); *Lewis*, *supra*, 11 Cal.5th at p. 960.)  The court's initial prima facie inquiry is limited.  (*Lewis*, at p. 971.) " ' "[T]he court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' "  (*Ibid*.; *People v. Drayton* (2020) 47 Cal.App.5th 965, 978, abrogated on other grounds by *Lewis*, at p. 963.)  The trial court may not engage in factfinding about the petitioner's culpability at this stage.  (*Lewis*, at p. 971 [a " 'court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing' "]; *People v. Mancilla* (2021) 67 Cal.App.5th 854, 863–865 (*Mancilla*), superseded by statute on other grounds as stated in *People v. Lee* (2023) 95 Cal.App.5th 1164, 1184; *Drayton*, at pp. 980–981.)

" 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner," ' " deeming him ineligible.  (*Lewis*, *supra*, 11 Cal.5th at p. 971, quoting *In re Serrano* (1995) 10 Cal.4th 447, 456; *Mancilla*, *supra*, 67 Cal.App.5th at p. 863 ["the superior court properly examines the record of conviction, 'allowing the court to distinguish petitions with potential merit from those that are clearly meritless' "].)  A petitioner is ineligible for relief as a matter of law if the record of conviction shows that he was not convicted of murder, attempted murder, or manslaughter under any theory of liability affected by Senate Bill 1437's amendments to the law of murder.  (*Mancilla*, at pp. 866–867.)

If the record of conviction shows that a petitioner's conviction is necessarily based on a theory of liability that remains valid under Senate Bill 1437—such as actual malice,

or the amended law of felony murder—then the petition must be denied. (*People v. Estrada* (2022) 77 Cal.App.5th 941, 945–946 [conviction based on direct aiding and abetting malice murder is ineligible for relief]; *Mancilla*, *supra*, 67 Cal.App.5th at pp. 866–867 [conviction based on actual malice under provocative act theory is ineligible]; *People v. Medrano* (2021) 68 Cal.App.5th 177, 182–183 [conviction based on intent to kill is ineligible]; *People v. Farfan* (2021) 71 Cal.App.5th 942, 956 [conviction based on the same elements of liability as the amended law of felony murder is ineligible].)

If the prima facie showing is satisfied because the record of conviction does not indicate ineligibility as a matter of law, the court must issue an order to show cause why relief should not be granted. (§ 1172.6, subd. (c); *Lewis*, *supra*, 11 Cal.5th at p. 960.) After issuing an order to show cause, the prosecution may either concede that relief should be granted or participate in a hearing where they have the burden of proving beyond a reasonable doubt that the petitioner is ineligible. (*Lewis*, at p. 971; *Mancilla*, *supra*, 67 Cal.App.5th at p. 863; § 1172.6, subd. (d)(1).)

An appellate court independently reviews a trial court's determination of whether a petitioner has made a prima facie showing under section 1172.6, subdivision (c). (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251; *People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

### B.    Analysis

Here, the trial court erred by concluding defendant was ineligible for relief under section 1172.6 as a matter of law. Upon independent review of the record, we conclude that defendant made a prima facie showing that he was entitled to relief under section 1172.6. As charged in the information, the prosecution was allowed to proceed on any theory of murder. (See § 1172.6, subd. (a)(1); see *People v. Davenport* (2021) 71 Cal.App.5th 476, 484 [" 'The allegation that a murder was committed " 'willfully, unlawfully, and with malice aforethought' " is a well-recognized way of charging murder

7.

in [a] generic sense,' " which "does 'not limit the People to prosecuting [a defendant] on any particular theories' "]; *People v. Rivera* (2021) 62 Cal.App.5th 217, 233 [same], review granted June 9, 2021, S268405, review dism. Jan. 19, 2022; see also *People v. Didyavong* (2023) 90 Cal.App.5th 85, 96, fn. 4 ["A murder charged generically does not limit the prosecution to any particular theories of liability"], review granted June 28, 2023, S280047, review dism. Oct. 18, 2023.) Although the prosecution's main theory of the case may have been that defendant was the actual killer, the murder offense as charged in the information allowed the prosecution to pursue a natural and probable consequences theory. There was nothing in the record of conviction that excluded the possibility that defendant could have been tried for murder under a natural and probable consequences theory of aiding and abetting.[3] (See *People v. Eynon* (2021) 68 Cal.App.5th 967, 977 [petitioner who pled to a charge that he " 'did willfully, unlawfully, and with deliberation, premeditation, and malice aforethought murder' " the victim was not ineligible for resentencing as a matter of law because the charge was a "generic murder charge [that] allowed the prosecution to proceed on any theory of liability, including natural and probable consequences"].)

Defendant's plea to voluntary manslaughter and personally using a firearm under section 12022.5 did not exclude him from eligibility for relief under section 1172.6 either. "[M]alice is not an element of voluntary manslaughter." (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1213; § 192.) Persons convicted of manslaughter under a theory of felony murder or the natural and probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories. (See Stats. 2021, ch. 551, § 1, subd. (a); *People v. Coley*, *supra*, 77 Cal.App.5th at p. 544.) Here, defendant only admitted he acted without malice; there was no admission that he

---

[3]     A preliminary hearing transcript was not included in the record on appeal.

intended to kill the victim or that the victim's death was premeditated. Thus, defendant's plea to voluntary manslaughter does not preclude relief.

Moreover, defendant's admission to the personal use of a firearm does not preclude him from resentencing as a matter of law. Section 12022.5, subdivision (a) punishes "any person who personally uses a firearm in the commission of a felony or attempted felony." Defendant's admission to personally using a firearm allows for a theory of natural and probable consequences of aiding and abetting the commission of an assault with a firearm with an armed cohort who committed the murder. (See *People v. Prettyman* (1996) 14 Cal.4th 248, 262, superseded by statute as stated in *People v. Lopez* (2023) 88 Cal.App.5th 566, 575.) Therefore, defendant's plea did not invalidate the allegation in his section 1172.6 petition that he "could not presently be convicted of murder … because of changes made to … §§ 188 and 189, effective January 1, 2019." (See *People v. Gaillard*, *supra*, 99 Cal.App.5th at pp. 1212–1213.)

Accordingly, we accept the People's concession that the record does not refute defendant's claims of eligibility for resentencing in his section 1172.6 petition, and consequently, the trial court erred in finding the petition failed to state a prima facie case for relief. (See *Lewis*, *supra*, 11 Cal.5th at pp. 971–972 [court justified in making credibility adverse to petitioner when the record " 'contain[s] facts refuting the allegations made in the petition' "].) The matter must be remanded to the superior court to issue an order to show cause and proceed to an evidentiary hearing under section 1172.6, subdivision (d).

## DISPOSITION

We remand the matter to the superior court to issue an order to show cause and proceed to an evidentiary hearing under section 1172.6, subdivision (d).